```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division

                                  (
DAMON D. BEASLEY,                 (
     Plaintiff,                   (
                                  (
          v.                      (    1:13-cv-116 (JCC/TRJ)
                                  (
FV-I, INC., et al.,               (
                                  (
     Defendants.                  (
                                  (
                                  (
```

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Motions of Defendants FV-I, Inc. (hereafter referred to as "FV-I") [Dkt. 8] and CitiMortgage, Inc. (hereafter referred to as "CitiMortgage") [Dkt. 11] to Dismiss the Complaint of Plaintiff Damon D. Beasley (collectively, the "Motions"). For the following reasons, the Court will grant Defendants' Motions.

### **I. Background**

**1. Factual Background**

Plaintiff is a resident of Virginia, who received a $650,000 mortgage loan from CitiMortgage in September of 2007 (hereafter referred to as the "Loan")[1]. [Dkt. 1-1.] The Loan was secured by the property located at 278 Richland Road, Fredericksburg, Virginia (hereafter referred to as the "Property"). (Note 1.) Plaintiff signed a promissory note

---

[1] Addressing an initial matter, the Court notes that filings of a *pro se* party are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

(hereafter referred to as the "Note") evidencing his obligation to repay the Loan. (*Id.*) The express terms of the Note itself provide that the Note is freely transferable and states that the "Lender or anyone who takes [the] Note by transfer and who is entitled receive payments under [the] Note is called the 'Note Holder.'" (*Id.*) The Loan was also evidenced by a Deed of Trust. Plaintiff alleges that, at some point, the Note was "securitized" by Citi "to Morgan Stanley Mortgage Loan Trust 2007-8XS, Mortgage Pass Through Certificates Series 2007-8XS" (hereafter referred to as the "Trust"). In describing Defendant FV-I, Plaintiff states in the Complaint that "FV-I, Inc. in trust for Morgan Stanley Mortgage Capital Holdings LLC is a collection agency that repurchased Plaintiff's loan and took it out of the Trust." (Pl. Compl. 2.)

Though the manner in which Plaintiff has articulated his position has rendered the substance of their Complaint somewhat difficult to decipher, Plaintiff accuses Defendants and other entities that are not parties to the instant action of having committed various duplicitous actions in connection to the Loan that Plaintiff received in 2007. In addition to disputing title and ownership of the Property, according to Plaintiff,

> the originating mortgage lender, and others alleged to have ownership, have unlawfully sold, assigned and/or transferred their

2

> ownership and security interest in a Promissory Note and/or Deed of Trust related to the Property, and, thus, do not have lawful ownership or a security interest in Plaintiff's property.

(*Id*. at 1-2.) The accusations of Plaintiff's Complaint rely substantially upon the idea that, as a consequence of Defendants' purported inability to demonstrate "proper receipt, possession, transfer, negotiations, assignment[,] and ownership of [Plaintiff's] original [p]romissory Note and Deed of Trust," and further inability to "establish proper assignment of the Deed of Trust," that therefore "none of the Defendants have perfect any claim of title or security interest in the Property." (*Id*.) Relying upon the results of a Securitization Compliance Audit conducted by C.J. Maxx Group, L.L.C. (hereafter referred to as "C.J. Maxx"), a report the substance of which was "based exclusively on the documentation provided by [Plaintiff] and attorney," and the compilation of which entailed "no attempt by [C.J. Maxx] to contact the lender, broker, title company[,] or servicer," Plaintiff argues that there exists no evidence to support the notion that Defendants have perfected any such claim of title or security interest in Plaintiff's property. Plaintiff contends that the Note was transferred through securitization without his consent and also claims that there is no evidence to support the proposition that he was ever provided with the actual monetary amount of the loan, instead

3

representing that he did not receive anything in exchange for his signature upon the Note. (*Id*. at 5.)

### 2. Procedural Background

On January 28, 2013, Plaintiff filed their Complaint and accompanying attachments. [Dkt. 1.]  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. [Dkt. 2.]  On March 4, 2013, Defendant FV-I filed a Motion to Dismiss for Failure to State a Claim, as well as an accompanying Memorandum. [Dkt. 8-1.]  On March 5, 2013, Defendant CitiMortgage filed a Motion to Dismiss.  They also filed a Memorandum in Support of their Motion to Dismiss. [Dkt. 11-1.]

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff.  *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994). In addition to the complaint, the Court may consider documents integral to and explicitly relied on in the complaint if the plaintiff does not challenge their authenticity.  *Am. Chiropractic Ass'n v. Trigon*

*Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). The Court may also take judicial notice of matters of public record. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To meet this standard, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Defendants may attack subject matter jurisdiction in one of two ways. First, defendants may contend that the complaint fails to allege facts upon which subject matter

jurisdiction may be based. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *King v. Riverside Reg'l Med. Ctr.*, 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). In such instances, all facts alleged in the complaint are presumed to be true. *Adams*, 697 F.2d at 1219; *Virginia v. United States*, 926 F. Supp. 537, 540 (E.D.Va. 1995). Alternatively, defendants may argue that the jurisdictional facts alleged in the complaint are untrue. *Adams*, 697 F.2d at 1219; *King*, 211 F. Supp. 2d at 780. In that situation, "the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Virginia v. United States*, 926 F. Supp. at 540 (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)); *see also Adams*, 697 F.2d at 1219; *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994). In either case, the burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams*, 697 F.2d at 1219.

        Rule 9(b) imposes a heightened pleading standard for fraud claims. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

6

To satisfy the heightened pleading standard of Rule 9(b), a plaintiff must state with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *In re Mut. Funds Inv. Litig.*, 566 F.3d 111, 120 (4th Cir. 2009)(quoting *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999)), *rev'd sub nom. on other grounds Janus Capital Grp., Inc. v. First Derivative Traders*, 131 S.Ct. 2296 (2011).

### III. Analysis

1. <u>**Count I: Actual Fraud**</u>

Plaintiff has attempted to state a claim of actual fraud against both Defendants. A plaintiff asserting a claim of actual fraud must demonstrate (1) a false representation by the defendant, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the misled party, and (6) resulting injury to the party misled. *See Diaz Vicente v. Obenauer*, 736 F. Supp. 679, 690 (E.D.Va. 1990). Under the Federal Rules of Civil Procedure, claims alleging fraud are subjected to a heightened pleading standard, which requires the plaintiff to "state with particularity the circumstances constituting fraud." Fed.R.Civ.P. 9(b). A plaintiff claiming fraud must allege "the time, place and contents of the false representations, as well as the identity

of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008)(quoting *In re Mut. Funds Inv. Litig.*, 566 F.3d 111, 120 (4th Cir. 2009). "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n. 5 (4th Cir. 1999).

The Court finds that Plaintiff has failed to state a fraud claim against Defendant FV-I. Plaintiff's Complaint simply does not provide sufficient factual detail as to how FV-I participated in any alleged fraud. The Complaint contains no allegations that FV-I made any specific false representation of material fact. To the extent that Plaintiff has attempted to allege any misrepresentation on the part of FV-I through his generalized allegations against the "Defendants," Plaintiff has failed to distinguish the actions of FV-I from those of CitiMortgage, and has further failed to detail precisely what particular action was taken on the part of FV-I.[2] Plaintiff has also failed to allege sufficiently "the time, place and contents of the false representations, as well as the identity of the

---

[2] The Court also notes that, to the extent that Plaintiff asserts wrongdoing on the part of Mortgage Electronic Registration System, Inc. (hereafter referred to as "MERS"), Morgan Stanley Mortgage Capital, Inc., J.P. Morgan Capital, or other entities mentioned in the Complaint, the Court notes that those entities are not parties to the instant proceeding.

8

person making the misrepresentation," thereby failing to meet the heightened pleading standard for fraud as required by the Federal Rules of Civil Procedure. *Kellogg Brown & Root*, 525 F.3d at 379. Consequently, Count I must be dismissed as to Defendant FV-I.

Similarly, the Court finds that Plaintiff has failed to state a fraud claim against Defendant CitiMortgage. Indeed, Plaintiff fails to allege any specific false statement by CitiMortgage. Plaintiff has also failed to allege sufficiently "the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation," thereby failing to meet the heightened pleading standard for fraud as required by the Federal Rules of Civil Procedure. *Kellogg Brown & Root*, 525 F.3d at 379. As to Plaintiff's contention that there exists no evidence that he ever received a monetary loan, the Court finds such a notion to be implausible and insufficiently supported by factual evidence, particularly so when the subject Note bearing his signature contains a section entitled "Borrower's Promise to Repay" that expressly states that "[i]n return for a loan *that I have received*, [Borrower] promise[s] to pay $650,000.00 ..., plus interest, to the order of the Lender." (Note 1)(emphasis added.) It appears that Plaintiff also complains that the subject Note has been securitized and therefore rendered unenforceable as to

9

him.  Plaintiff presents no plausible legal argument to bolster this assertion.  Whether or not there has been transfer of the Loan, there are no facts alleged which would relieve Plaintiff of his obligation to pay.  *Brown v. HSBC Mortg. Corp.*, 2011 U.S. Dist. LEXIS 80943 (E.D.Va. July 22, 2011); *see also Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 U.S. Dist. LEXIS 38827 (E.D. Va. Apr. 16, 2010) (stating that "[t]here is no authority ... that the mere existence of a pooling and servicing agreement or investment trust can relieve borrowers of their obligations to perform under a duly executed promissory note and deed of trust").  To the extent that Plaintiff Complaint is littered with bold assertions of the fraudulence of CitiMortgage's actions through their interactions with Plaintiff, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.  In light of the aforementioned deficiencies of the Complaint, Count I must be dismissed as to Defendant CitiMortgage as well.

In summation, Plaintiff's Complaint does not allege sufficient facts in order to state a cognizable claim for fraud against Defendants, especially in light of the heightened pleading requirements for fraud claims under Fed. R. Civ. P 9(b), and thus, consequently, Count I must be dismissed.

  2. **Count II: Conspiracy to Defraud**

10

"In Virginia, the elements of a common law civil conspiracy are (i) an agreement between two or more persons (ii) to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means, which (iii) results in damage to plaintiff." *Firestone v. Wiley*, 485 F.Supp.2d 694, 703 (E.D.Va. 2007); see *Glass v. Glass*, 228 Va. 39, 47 (1984). A claim for civil conspiracy "requires proof that the underlying tort was committed". *Id*. (quoting *Almy v. Grisham*, 639 S.E.2d 182, 189 (2007)). Where "there is no actionable claim for the underlying alleged wrong, there can be no action for civil conspiracy based on that wrong." *Id*.

Conclusory or general allegations of conspiracy are insufficient to withstand a motion to dismiss. *Bay Tobacco, LLC v. Bell Quality Tobacco Prods.*, LLC, 261 F.Supp.2d 483, 499–500 (E.D.Va. 2003) (stating to that to survive a motion to dismiss on common law civil conspiracy, plaintiff must plead agreement in more than mere conclusory language because "a conspiracy claim asserted in mere conclusory language is based on inferences that are not fairly or justly drawn from the facts alleged"); *Johnson v. Kaugars*, 14 Va. Cir. 172, 176 (Va. Cir. 1988) ("[I]t is not enough merely to state that a conspiracy took place."). Stated differently, Virginia requires a plaintiff to allege "some details of time and place and the alleged effect of the conspiracy." *Johnson*, 14 Va. Cir. at 176. Where there are

only vague, conclusory allegations of conspiracy, the claim fails at the threshold. *Firestone*, 485 F.Supp.2d 704; *see also Connor v. Real Title Corp.*, 165 F.2d 291, 294 (4th Cir. 1947) (concluding that conclusory allegations of "vicious conspiracy and collaboration" between three named defendants were insufficient).

This Court has discussed Plaintiff's failure to state a claim for fraud against either Defendant, and will not further belabor the issue except to state that there does not exist an actionable claim for the underlying alleged wrong of fraud, and thus there can be no action for civil conspiracy based thereupon. The Court further notes that the allegations of the Complaint constitute the very sort of vague, conclusory allegations of conspiracy that fail to withstand a motion to dismiss. Plaintiff's nebulous contention that the Defendants "proceeded together to deprive Plaintiff of his legal rights regarding his own financial asset (the Note) and to deprive him of his legal rights to the subject real property" is insufficient to state a claim for conspiracy to commit fraud. The Complaint neither identifies nor details any sort of agreement between FV-I and CitiMortgage, nor does the Complaint describe the manner in which the Defendants colluded.

As a consequence of the foregoing considerations, the Court finds that Plaintiff has failed to state a claim of

conspiracy to defraud against either Defendant. Consequently, Count II must be dismissed in its entirety.

### 3. Count III: Breach of Implied Covenant of Good Faith and Fair Dealing

Under Virginia law, every contract contains an implied covenant of good faith and fair dealing; however, a breach of those duties only gives rise to a breach of contract claim. It does not constitute a separate cause of action. *See Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 251 Va. 28, 466 S.E.2d 382, 385 (Va. 1996) (holding that "the failure to act in good faith ... does not amount to an independent tort" and "the breach of the implied duty ... gives rise only to a cause of action for breach of contract"); *see also L & E Corp. v. Days Inns of America, Inc.*, 992 F.2d 55, 59 n. 2 (4th Cir. 1993) (noting that Virginia does not recognize an independent claim for breach of the implied covenant of good faith and fair dealing).

An implied duty under a contract is simply a manifestation of conditions inherent in expressed promises. The duty "simply prohibits one party to a contract from acting in such a manner as to prevent the other party from performing his obligations under the contract." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 182-83 (4th Cir. 2000). The implied covenant of good faith and fair dealing does not

compel a party to take affirmative actions that the party is not obligated to take under the terms of the contract. *Id*. Furthermore, the implied covenant cannot "rewrite[e] an unambiguous contract in order to create terms that do not otherwise exist." *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 U.S. Dist. LEXIS 13653, 2012 WL 383590 (E.D.Va. Jan. 13, 2012) *report and recommendation adopted*, *McInnis v. BAC Home Loan Servicing, LP*, 2:11CV468, 2012 U.S. Dist. LEXIS 13602, 2012 WL 368282 (E.D.Va. Feb. 3, 2012).

The Court notes that Plaintiff has not brought a breach of contract action, and does not expressly identify the precise contract upon which he has based his claim of breach of implied contract of good faith and fair dealing. Consequently, Count III cannot stand independently as a cause of action against Defendants in the absence of a claim for breach of contract.  These facts alone render Plaintiff's pleading of Count III fatally deficient.

In addition to the undisputed fact that breach of implied contract of good faith and fair dealing cannot stand independently as a cause of action in the absence of a claim for breach of contract, the Court will not attempt to read into the Complaint factual information or argument regarding breach of contract that simply does not exist in the Complaint.  Plaintiff has failed to identify a provision of an identified contract that he believes to have been breached, or the actions undertaken by either Defendant

14

that resulted in any such breach.  Indeed, it is not clear whether Plaintiff, through Count III, is referring to a single unspecified contract or even multiple contracts, as evidenced through his contention that he was "injured of the right ... to receive benefits of the subject contracts." (Pl. Compl. 8.)  As to Defendant CitiMortgage, it is unclear the precise manner in which they are alleged to have breached a specified contract with Plaintiff or the associated implied provision of good faith and fair dealing.  As to Defendant FV-I, there is no allegation in the Complaint that FV-I is even a party to any contract with Plaintiff.

As a consequence of the aforementioned pleading deficiencies and other stated considerations, the Court finds that Plaintiff has failed to state a claim for breach of implied covenant of good faith and fair dealing against either Defendant.[3]

### IV. Conclusion

For the foregoing reasons, the Court will grant the Defendants' Motions to Dismiss.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| March 21, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[3] Having found that each cause of action may be dismissed on other grounds, the Court need not reach CitiMortgage's arguments as to standing.